UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 09-374** |
| **VERSUS** | * | |
| **MARK ST. PIERRE** | * | **SECTION "L"** |

### ORDER & REASONS

The Court has pending before it the Government's Motion to Reconsider (Rec. Doc. 265) the Court's Order and Reasons of December 23, 2010 (Rec. Doc. 260). For the reasons set forth herein, the Government's motion is GRANTED.

**I.     BACKGROUND**

The background of this case is set forth at length in the Court's prior Orders and Reasons. Accordingly, the Court will restate only those facts relevant to this motion and subsequent developments.

On October 7, 2010, the Government filed a motion for a *Daubert* hearing regarding expert witnesses identified by Defendant Mark St. Pierre, and by Gregory and Linda Meffert.[1] The Defendants opposed the motion. On November 18, 2010, the Court granted the Government's motion after hearing oral argument from the parties. On December 1, 2010, the Court held the *Daubert* hearing requested by the Government regarding two expert witnesses proposed by Defendant Mark St. Pierre. The Court excluded Jacques Bezou from testifying at

---

[1] Between the filing of the motion and oral argument, Gregory Meffert pleaded guilty to certain counts of the Second Superseding Indictment, and Linda Meffert entered into a pretrial diversion program.

trial, but did not exclude Gray Sexton. At the hearing, counsel for St. Pierre orally moved that the Court order the Government to pay his expert witness fees incurred in connection with the hearing. The Court ordered the Government to file an opposition, which it did. The Court issued an Order and Reasons on December 23, 2010 granting St. Pierre's motion and ordering the Government to pay $600 for the experts' reasonable fees in attending the hearing. (Rec. Doc. 260).

The Government has moved for reconsideration of the Court's December 23, 2010 Order and Reasons. The Government argues that sovereign immunity bars shifting of litigation costs to it in criminal proceedings absent a specific Congressional act authorizing that payment, and that no such authority exists.[2]

## II.    LAW & ANALYSIS

The Court grounded its December 23, 2010 Order and Reasons on the specific limitations on discovery in criminal cases. The Government typically has no right to depose a criminal defendant's expert witness and the Court expressed concern "that the Government could use *Daubert* hearings as substitute depositions to obtain more detailed discovery of a criminal defendant's expert witness than the defendant is obligated to provide, and all at the defendant's expense." (Rec. Doc. 260 at 4). Simultaneously, the Court recognized its duty as a gatekeeper to determine that expert testimony is admissible. To balance these competing interests, the Court ordered the Government to pay some of St. Pierre's experts' fees.

---

[2]While the Court has had this motion for reconsideration under submission, the matter has proceeded to trial. St. Pierre was found guilty on all fifty-three counts in the Third Superseding Indictment on May 26, 2011. He presented evidence and testimony in his defense, but did not present any expert testimony.

The Court issued its December 23, 2010 Order and Reasons granting St. Pierre's motion without any notice that the Government asserted sovereign immunity as a bar to shifting expert fees. But the Government has now raised the issue and the Court cannot ignore sovereign immunity or treat the Government as estopped from asserting it. *See Resolution Trust Corp. v. Miramon*, 935 F. Supp. 838, 841 (E.D. La. 1996).

Ample authority establishes that, absent a specific Congressional authorization, courts are without power to impose fees on the United States. For example, in *United States v. Chemical Foundation*, the Supreme Court modified a judgment from a district court ordering the United States to pay transcript and copying costs to a party. 272 U.S. 1, 20 (1926). The Supreme Court held that "Congress alone has power to waive or qualify [sovereign] immunity." *Id.* In the absence of any such specific authority in which Congress consented to having those costs taxed against the Government (as of 1926), the Supreme Court held that those costs could not be taxed against the Government and modified the judgment. *Id.* at 20-21.

In *United States v. Horn*, a case closer to these facts, the First Circuit held that attorneys' fees and costs could not be imposed on the United States as a sanction for prosecutorial misconduct. 29 F.3d 754, 762 (1st Cir. 1994). The court in *Horn* thoroughly examined the federal courts' inherent supervisory power as a source of authority for imposing a financial cost on the government, but concluded that the doctrine of sovereign immunity prevailed in the absence of an express and specific Congressional waiver of immunity to imposition of sanctions or fees. Although the Fifth Circuit has not addressed this question, it has long recognized the principle that "a waiver of sovereign immunity must be specific and explicit and cannot be implied by construction of an ambiguous statute." *Petterway v. Veterans Admin. Hosp., Houston, Tex.*, 495 F.2d 1223, 1225 n.3 (5th Cir. 1974).

The Court can identify no specific waiver of sovereign immunity allowing it to shift St. Pierre's expert witness fees onto the Government. Therefore, the Court must reconsider and withdraw its prior Order.

Nonetheless, the Court remains concerned about the use of pre-trial *Daubert* hearings in criminal cases. Although the Court does not believe that any abuse occurred here, there remains a risk that the Government could seek a *Daubert* hearing improperly to gain otherwise impermissible insight into a defendant's strategy. Confronted with a motion for a *Daubert* hearing, a criminal defendant could be presented with a difficult choice between revealing trial strategy in advance or taking the risk that resisting a pre-trial *Daubert* determination will prejudice his or her right to present expert testimony at trial. *Cf. United States v. Nacchio*, 555 F.3d 1234, 1259 (10th Cir. 2009) (McConnell, J., dissenting). The Court is also cognizant that pre-trial *Daubert* hearings could be used to bring pressure on the financial ability of criminal defendants to put on a defense. *Cf. United States v. Stein*, 541 F.3d 130 (2nd Cir. 2008). Again, the Court notes that the Government did not exploit the *Daubert* hearing in this case, but the risk remains for future cases.

The Court lacks the authority to remedy those concerns in this case by shifting expert fees onto the Government. In future criminal cases, however, the Court will closely scrutinize requests from the Government for *Daubert* hearings and may consider requiring that the Government first agree to foot the bill.

### III.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that United States's Motion to Reconsider (Rec. Doc. 265) is

GRANTED.  The Court's Order and Reasons of December 23, 2010 (Rec. Doc. 260) is VACATED.

New Orleans, Louisiana, this 6th day of June, 2011.

_____
United States District Judge